*E-FILED - 9/16/10*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO GONZALES,<br><br>        Petitioner,<br><br>  vs.<br><br>GEORGE LEOTTI, Warden,<br><br>        Respondent. | No. C 10-2963 RMW (PR)<br><br>ORDER DENYING PENDING MOTIONS; ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>(Docket Nos. 3, 7) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Thus, petitioner's motion to proceed in forma pauperis and petitioner's motion for an extension of time to file his a completed in forma pauperis application are DENIED as unnecessary. Petitioner concedes in the petition that he has not raised several of the claims in his petition to the state courts. The court issues an order to show cause to petitioner as to why the petition should not be dismissed without prejudice because he has not exhausted his state court remedies.

**BACKGROUND**

The instant petition was filed on July 6, 2010. Petitioner challenges his criminal conviction and sentence in the Monterey County Superior Court. Petitioner alleges that filed a direct appeal through to the California Supreme Court. Thereafter, he filed one post-conviction

1  habeas petition in the Monterey County Superior Court.  Petitioner concedes that out of the eight
2  claims raised, he has not presented four of them to the state courts.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b)-(c).  The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court.  See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  If, for example, an appeal of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue raised in the petition has been finally settled in the state courts.  Id.

Accordingly, the court issues an order to show cause to petitioner as to why the petition should not be dismissed without prejudice to refiling once he exhausts his federal claims. Petitioner shall file a response **within thirty (30) days** of the date of this order addressing: (1) whether he has a habeas petition, appeal, or other post-conviction proceeding now pending before the state court; and (2) whether the instant petition challenges the same conviction at issue in his pending state case(s).  Failure to file a timely response will result in the court dismissing the instant petition without prejudice for failure to exhaust state court remedies.

It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 9/16/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge