*E-FILED - 11/30/10*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIO GONZALES, ) | No. C 10-2963 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER DENYING REQUEST FOR |
| ) | STAY; REQUIRING ELECTION BY |
| vs. ) | PETITIONER |
| ) | |
| GEORGE LEOTTI, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered petitioner to show cause why the petition should not be dismissed without prejudice for failure to exhaust state court remedies. Petitioner filed a response. For the reasons below, the court denies petitioner's request to stay the petition.

**BACKGROUND**

The instant petition was filed on July 6, 2010. Petitioner challenges his criminal conviction and sentence in the Monterey County Superior Court. Petitioner alleges that he filed direct appeals in the California Court of Appeal and the California Supreme Court. Thereafter, he filed one post-conviction habeas petition in the Monterey County Superior Court. Petitioner concedes that out of the eight claims raised, he had not presented Claims 5 - 8 to the state courts prior to filing his federal petition.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

Petitioner stated that he did not exhaust Claims 5 through 8 in state court prior to filing his federal petition because his attorney failed to raise them. Petitioner further states that he is currently attempting to exhaust those claims and therefore, requests a 90-day extension of time or a stay of his petition.

In order to grant a stay, a district court may follow either the Rhines or Kelly procedures. However, petitioner does not qualify for a stay under either test. Under Rhines, 544 U.S. at 277, he has not shown good cause for his failure to exhaust his claims first in state court. His reason for not having exhausted his claims is that counsel failed to raise the claims in state court. The Ninth Circuit has held that counsel's failure to include claims on direct appeal does not establish "good cause" to grant a pro se petitioner's request to stay a mixed federal petition under Rhines. Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect belief that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under Rhines for failure to exhaust claims earlier). As a result, petitioner's assertion does not, without more, establish good cause for a stay under Rhines. See id.

The alternative Kelly test is also unhelpful to petitioner. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. Id. at 1141-43.

Even if petitioner wanted to file a motion to amend to delete the unexhausted claims and to stay the action, the four claims petitioner is currently exhausting would not relate back to the properly exhausted claims in the original petition. The unexhausted claims concern: an allegedly improper life sentence, in violation of receiving multiple punishments for the same offense; a speedy trial violation; trial court error in failing to resolve a Marsden motion; and a transfer request. The exhausted claims are: (1) ineffective assistance for failing to raise a mental defect defense; (2) jury instruction error; and (3) and (4) sentencing errors.

None of the unexhausted claims share a common core of operative facts with any of the properly exhausted claims contained in the original petition. See, e.g., Rhoades v. Henry (Haddon), 598 F.3d 511, 519-20 (9th Cir. 2010) (denial of leave to amend petition to add claims arising out of alleged misconduct of the prosecutors in another case against defendant based on FBI lab testing was proper because those claims did not relate back to other timely-filed claims about police questioning at the time of his arrest, jailhouse informant testimony, and judicial bias); Hebner v. McGrath, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (no error in denying petitioner leave to amend petition to add new claim that would be untimely where new claim arose from different core of operative facts than claims in original petition and thus did not relate back to original petition). The four unexhausted claims would not relate back to the properly

Order Denying Request for Stay; Requiring Election by Petitioner
P:\PRO-SE\SJ.Rmw\HC.10\Gonzales963denstay.wpd        3

exhausted claims contained in the original petition.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving petitioner the opportunity to elect whether to proceed with only his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider the petition. Accordingly, instead of an outright dismissal of the action, the court will allow petitioner to choose whether he wants to:

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims; or

(2) dismiss this action entirely and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims.

Petitioner is cautioned that each of the options outlined above has risks and drawbacks that he should take into account in deciding which one to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred. See 28 U.S.C. § 2244(d).

**CONCLUSION**

For the foregoing reasons, the court orders as follows:

Within thirty (30) days of the date of this order, petitioner must serve and file a notice in which he states whether he elects to: (1) dismiss the unexhausted claims and go forward in this action with only the remaining exhausted claims; or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition.

Whichever option petitioner chooses, his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option _____ provided in the Court's Order dated _____."

1  Petitioner must insert a number in place of the blank space to indicate which of the first two
2  options he chooses and insert the date of the court's order.
3  **If petitioner does not choose one of the options within thirty (30) days of the date of**
4  **this order, the entire action will be dismissed.**
5      IT IS SO ORDERED.
6  DATED: __11/30/10__     _/s/ Ronald M. Whyte_
7      RONALD M. WHYTE
    United States District Judge

Order Denying Request for Stay; Requiring Election by Petitioner
P:\PRO-SE\SJ.Rmw\HC.10\Gonzales963denstay.wpd

5